## WHEN ONE SHOULD STOP AS WELL AS LOOK AND LISTEN.

Circuit Court of Butler County.

THE OHIO TRACTION COMPANY v. WILLIAM H. SMITH.

Decided, April 27, 1912.

*Negligence—At a Railway Crossing—Circumstances Determine Degree of Care to be Exercised—Stopping Must be Added to Looking and Listening, When.*

It is the duty of one about to drive across a railway track to look and listen for an approaching car or train in such a manner as will make his looking and listening effective; and where obstruction to vision or the noise of his vehicle make it necessary for him to stop in order that his looking and listening may be effective, it is his duty to stop, and failure so to do constitutes contributory negligence requiring the taking from the jury of an action for injuries from being struck under such circumstances.

SMITH, P. J.; SWING, J., and JONES, J., concur.

Defendant in error in the trial court recovered a verdict and judgment thereon against plaintiff in error, for damages received by him in a collision beaween a traction car of plaintiff in error and a team of horses and wagon driven by himself, near Jones Station in this county, on the 22d day of July, 1905. Various assignments of error are set forth in the petition in error, all of which the court has considered; but the one that is of importance in the case, if we are correct, is based upon the refusal of the trial court to instruct a verdict for plaintiff in error.

If the evidence discloses that defendant in error was guilty of contributory negligence, then error was committed by the court in overruling said motion for an instructed verdict for plaintiff in error.

In the testimony of defendant in error as disclosed by the record, it appears that at the time of the accident he was about fifty-seven years of age; that he had lived in the neighborhood of Jones Station more than fifty years. He had generally averaged once a week during all this time going to and from the station, and since the traction line had been built, which had been about four years prior to the accident, he had crossed

the railroad track at the point of the accident once a week, and on the day in question had crossed it four of five time. He knew that the car coming from Glendale to Hamilton passed Jones Station at this point at ten minutes before each hour, and that this was the schedule time. He knew that his vision of the track toward Glendale as he approached the crossing was obstructed by houses and trees extending close to the track. He testifies that at some distance from the track, when at a bridge, he listened and looked for a car coming in the direction from Glendale, this was at a distance of 233 feet from the railroad track. After passing this point he only looked whenever he could get a glimpse through the trees, but saw no car nor heard one; he drove an empty wagon upon a gravel road, the wagon itself making more or less noise. When he got up to the railroad track he looked and listened to see or hear whether a car was coming from the south, but did not stop, and notwithstanding his vision of the track south was obstructed, he drove his horses upon the track and when the fore feet of the horses were across the railroad the car struck the wagon and he was injured. He further states that, "he certainly would not stop, neither would he get off and look, for a man would not jump off and let his team stand and go and see."

Under this statement of the occurrence as related by defendant in error, was he guilty of contributory negligence in making the crossing?

The court is of the opinion from the above evidence as given by the defendant in error himself, that he did not take the reasonable necessary precautions which the situation demanded. It is apparent he did not have a sufficient view of the track south, and whether the traveler upon the highway should stop, look and listen for approaching trains upon a crossing, depends upon the circumstances of the particular case under consideration. We believe in the present case that defendant in error showed a lack of precaution and reasonable care, which had he exercised, would have prevented the accident.

"The fact that the view was obstructed did not excuse his neglect to stop and listen; it made his neglect to do so greater." *The Pennsylvania Co.* v. *Morel,* 40 O. S., 338.

It was his duty to look and listen for an approaching car in a manner that would make the looking and listening effective, and if under the circumstances, such as are disclosed in his evidence, with the continuing noise of the wagon, and the obstruction of his vision, in order to listen, it was necessary for him to stop his team to make his listening effective, then it was his duty to stop. *B. & O. Railway Co.* v. *Stewart*, 31 C. C., 527.

Counsel has urged upon us the application of the doctrine of the "last chance." We do not think this doctrine can be so applied. There is no evidence tending to show that the motorman discovered or knew the imminence of a collision in time to avoid it by stopping his car.

Being guilty, therefore of contributory negligence, defendant in error was not entitled to a verdict in his favor.

The judgment of the court below will be reversed and judgment should be entered in this court in favor of plaintiff in error, and the petition of defendant in error dismissed.